Turley J.
delivered the opinion of the court.
Several questions are made in this case: 1st. is the recognizance good and sufficient without containing a specification of the offence to be answered? We think it is. The object intended to be secured by the recognizance is the appearance *388 of the person charged, not that he will abide by the decision the court, for if his presence be secured, the court ⅞/illsee that he suffers judgment.
2d. Is the recognizance good without specifying on its face the court where it was taken? We think it is. Recognizances never show, separated from the record, where they were taken, being always so far as that is concerned in the form of the present, viz: “this day came the parties into open court.” &c. What court? The court referred' to in the record. In the case of Grigsby vs. The State, 6 Yer. R. 334, it was determined that the recognizance must show to what court the party was bound to appear or it would be bad. We recognize the authority of this decision, but that question is very different from this. The record will show where the recognizance was taken, hut it cannot show where the party was hound to appear.
3d. Is there a material variance between the record of the recognizance produced, and that set forth in the scire facias} We think not. We have said that the recognizance was good without specifying the offence which the party was to answer; then the scire facias need not have set forth more than is contained in the recognizance, to have given the State a right to maintain its suit against the defendants; an attempt to do so is surplusage, and it must be rejected.
If matter unnecessarily stated be foreign .and irrelevant to the cause, so that no allegation whatever on the subject was necessary, it will be rejected as surplusage, and it need not be proven, nor will it vitiate even on special demurrer, it being a maxim that “utile per inutile non vitiatur.” Chit. Plea. 262, 263, and cases there cited. In a case in 4 B. and C. 380, Judge Baily observes, “a party is not bound to prove an immaterial allegation, unless he has by his mode of pleading, so connected it with a material allegation as to make the latter de? pend upon it.” And judge Holroyd said, “if the plaintiff stated a cause of action more than is necessary for tlie gist of the action, the jury may find so much proved, and so much not proved, and the court would be bound to pronounce judgment for the plaintiff, upon that verdict, provided the facts proved .constitute a good cause of action.” These authorities show *389 satisfactorily, .that if the immaterial matters are not so interwoven with those that are material, as to prevent their excluded without excluding the whole, that it may be done. a
. . r Here the scire facias gives a correct description of the recognizance, but in addition thereto :a condition is added which is not contained in it, and which i$ not necessary to make it va It may, and roust be rejected.
Judgment made final.